**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re BART LOEB,

      Debtor.
_____/

BART LOEB and MARK DAVIS,

      Appellants,              Case No. 07-CV-10313-DT
                                        Bankr. No. 05-78538-SWR

v.                                                         Adv. Case No. 06-04001-SWR

HARTZ MOUNTAIN DEVELOPMENT
CORPORATION d/b/a MEADOWLANDS
EXPOSITION CENTER,

      Appellee.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
APPELLEE'S MOTION TO DISMISS AND
AFFIRMING THE BANKRUPTCY COURT'S SANCTIONS ORDERS**

Pending before the court is a notice of appeal and brief filed by Appellants Bart Loeb and Mark Davis, and Appellee Hartz Mountain Development Corporation's ("Hartz's") February 27, 2007 "Motion to Dismiss 'Appeal of Decisions from United States Bankruptcy Court.'" Having reviewed the briefs, the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part and deny in part Hartz's motion to dismiss and affirm the bankruptcy court's sanctions orders.

**I. BACKGROUND**

The following facts are uncontested. On January 2, 2006, Hartz filed a complaint with the United States Bankruptcy Court for the Eastern District of Michigan against

Loeb regarding the dischargeability of a debt Loeb allegedly owes Hartz.  Loeb, through his attorney Mark Davis, filed an answer to the complaint.  It came to Hartz's attention that Davis had not been admitted to practice before the Eastern District of Michigan, which includes the Bankruptcy Court, and Hartz contacted Davis regarding this issue on May 18, 2006.  Davis responded to a second correspondence on Wednesday May 31st, claiming that his application would be complete after he paid the $200 filing fee.  Hartz wrote back that same day, informing Davis that he would also have to be sworn in by a judge before being admitted to practice, and that if Davis had not done so by the next Monday, Hartz would bring the issue to the attention of the bankruptcy judge.

    On June 20, 2006, Hartz filed its "Motion to Strike Pleadings," because as of that date, Davis still had not been admitted.  In its motion, Hartz requested the bankruptcy court enter an order striking all of Loeb's pleadings, and award Hartz its fees and costs related to the motion.  In a July 5, 2006 response, Davis asserted that he paid the necessary $200 fee for admission.  Because Davis also asked that the bankruptcy court swear him in at the next pretrial conference, thus eliminating his deficiency, Davis argued that the motion should be denied.  The bankruptcy court scheduled a hearing for July 25, 2006 on Hartz's motion to strike.  Davis filed a motion to reschedule the hearing because his mother had planned an annual family gathering in Maine for that date.  The bankruptcy court adjourned the hearing to August 1, 2006.  Despite Davis's representation that he would be available any time in August save a couple dates later

in the month, Davis failed to appear at the rescheduled hearing date.[1]  At the hearing, the bankruptcy court granted Hartz's motion to strike Loeb's pleadings, and awarded Hartz its costs[2] associated with the motion against both Loeb and Davis.  An order to that effect was entered on August 2, 2006.  Hartz filed an "Application for Default" with the bankruptcy court two days later.  The bankruptcy court entered an "Order for Entry of Default" and closed the case on August 11, 2006.  Later that day, Loeb, proceeding *pro se*, filed an answer to the complaint.

Because Davis still had not been admitted to practice in the Eastern District of Michigan, Loeb and Davis jointly filed a *pro se* notice of appeal on August 18, 2006, appealing the bankruptcy court's August 11, 2006 "Order for Entry of Default."[3]  After Davis was admitted to practice on August 29, 2006, he filed a brief on appeal on Loeb's behalf, asserting three assignments of error: (1) the bankruptcy court erred in entering its "Order for Entry of Default"; (2) the bankruptcy court erred when it struck the pleadings; and (3) the bankruptcy court erred in awarding Hartz its costs relating to the motion to strike pleadings.  Hartz filed a response brief, which addressed the merits of Loeb's first assignment of error.  Hartz also filed a motion to dismiss Loeb's appeal of the order striking pleadings because it was allegedly untimely.

---

[1] Davis claims that he returned from the family reunion on July 31, 2006, and as a solo practitioner campaigning for office and catching up on a week's worth of work, he did not realize the hearing was scheduled for the next day.

[2] Pursuant to this order, Hartz sent Loeb a letter notifying him of its costs of $1,081.50.

[3] Davis asserts he had *pro se* standing because the bankruptcy court's "Order Striking Pleadings" awarded costs against both Loeb and Davis personally.

This court entered an October 31, 2006 order reversing and remanding the bankruptcy court's decision.  In that order, this court found that bankruptcy court failed to follow the procedures laid out in Federal Rule of Civil Procedure 55 when it entered an "Order for Entry of Default" and closed the case.  Because this court's holding rendered the other two issues raised on appeal premature, they were dismissed without prejudice.

On remand, Loeb moved for sanctions against Hartz under Federal Rule of Bankruptcy Procedure 9011 and Federal Rule of Civil Procedure 11.  Loeb contended that Hartz's "Application for Default" was not filed for a proper purpose and not warranted by existing law, citing this court's reversal in support of his motion.  In its response, Hartz argued that its motion was proper because it included a proposed order for an entry of default with a signature line for the clerk of the court, not the bankruptcy court itself.  Further, Hartz pointed to Loeb's failure to comply with Federal Rule of Civil Procedure 11's safe harbor provision.  On January 10, 2007, the bankruptcy court denied Loeb's motion for sanctions "[f]or the reasons stated on the record."[4]  (Bankr. Ct. Rule 11 Order at 1.)

On November 17, 2006, Hartz moved for summary judgment.  Loeb responded and filed a cross-motion for summary judgment.  On January 9, 2007, the bankruptcy court held a hearing on the cross-motions for summary judgment.  The bankruptcy court then entered a January 10, 2007 order granting Hartz's motion for summary judgment

---

[4]The relevant transcripts have not been provided to this court as required under Federal Rule of Bankruptcy Procedure 8006.

4

and denying Loeb's motion for summary judgment "[f]or the reasons set forth on the record at the hearing."  (Bankr. Ct. Summ. J. Order at 1.)[5]

Loeb and Davis also filed a motion for reconsideration with the bankruptcy court, requesting that the court vacate the monetary sanctions entered against them because Davis's failure to be admitted to practice was not the product of bad faith, but instead a mistake that did not result in prejudice.  On December 11, 2006, the bankruptcy court denied the motion for reconsideration because it was not timely.

Loeb and Davis filed a notice of appeal in this court on January 22, 2007.  In their brief on appeal, Appellants raise the following assignments of error: (1) the bankruptcy court erred in denying sanctions against Hartz; (2) the bankruptcy court erred in entering costs against Appellants; (3) the bankruptcy court erred in denying their motion to reconsider these sanctions; and (4) the bankruptcy court erred in granting summary judgment to Hartz and denying Loeb summary judgment.

Instead of filing a timely response, Hartz filed a motion to dismiss the appeal on February 27, 2007–one day after the response time had expired.  In its motion to dismiss, Hartz contests that (1) the court should dismiss Loeb's appeal of the various sanctions orders because the appeal is untimely and (2) that Loeb's appeal of the bankruptcy court's summary judgment order is moot because Loeb was denied a discharge on his entire Chapter 7 petition, including his debt to Hartz, as a result of a separate adversary proceeding.  Appellants object to the motion to dismiss, claiming that their appeal of the sanctions orders are timely because they merged into the final

---

[5]Again, the relevant transcripts have not been provided to this court as required under Federal Rule of Bankruptcy Procedure 8006.

5

summary judgment order. Appellants do not address Hartz's claim that his appeal of the summary judgment order is moot.

## II.  MOTION TO DISMISS

In its motion to dismiss, Hartz fist asserts that the court should dismiss Appellants' January 18, 2007 appeal of the bankruptcy court's August 2, 2006 "Order Striking Pleadings" because Appellants' appeal is untimely. While Federal Rule of Bankruptcy Procedure 8002 does provide that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of entry of the . . . order . . . appealed from," it is also "well settled that an appeal from a final judgment draws into question all prior non-final rulings and orders." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1993). The bankruptcy court's January 10, 2007 "Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgement" was a final, appealable order, and Appellant's notice of appeal was filed eight days after the bankruptcy court's entry of that order. The instant appeal is therefore timely and this court has jurisdiction to resolve the issues concerning the bankruptcy court's prior sanctions orders. Accordingly, the appeal will not be dismissed as untimely.

Hartz next contends that the court should dismiss Loeb's appeal of the bankruptcy court's January 10, 2007 "Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgement" because that order is now moot. Appellee provides the court with the bankruptcy court's January 19, 2007 "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary

Judgment,"[6] and claims that this order denies Loeb's discharge in its entirety, including his debt to Hartz. After an independent review[7] of adversary proceeding 06-4000 and Loeb's Chapter 7 bankruptcy case (case no. 07-10313), the court concludes that even if Loeb would succeed in obtaining summary judgment on appeal, he would be unable to receive a discharge of his debts because the January 19, 2007 order in adversary proceeding 06-4000 disposed of Loeb's entire Chapter 7 proceeding. A final decree has been entered in Loeb's Chapter 7 case, the bankruptcy estate has been fully administered and the case has been closed. Accordingly, Loeb's appeal of the bankruptcy court's summary judgment order will be denied as moot.

### III. SANCTIONS ORDERS

#### A. Standard

An award of sanctions is reviewed under the abuse of discretion standard. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir. 1999) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

---

[6]Hartz, however, did not attach the bankruptcy court's opinion, which provides the basis and analysis for the bankruptcy court's order. The court was therefore required to review the bankruptcy court's docket for the relevant opinion.

[7]It is also regrettable that Hartz fails to explain the nature of the order denying Loeb's discharge, entered in a separate adversary proceeding with different parties (*Schmitz v. Loeb*, Adv. Case No. 06-4000, slip op. (Jan. 19, 2007)), and its relationship to the adversary proceeding between Hartz and Loeb. Hartz further fails to provide the court with documentation from Loeb's Chapter 7 bankruptcy case indicating the entry of a final decree.

7

Under Federal Rule of Bankruptcy Procedure 9011(c), the bankruptcy court may award sanctions for violation of Federal Rule of Bankruptcy Procedure 9011(b), which prohibits, among other things, frivolous motions or motions brought for an improper purpose. Additionally, Local Bankruptcy Rule 9011-3 permits the bankruptcy court to impose sanctions for failure to comply with any applicable rules. The sanctions available include "an admonition, the assessment of costs, or any other sanction deemed appropriate," and may be assessed "upon notice and opportunity for hearing when it is determined that such non-compliance has obstructed the effective conduct of the business of the Court." L.B.R. 9011-3.

### B.  Discussion

#### 1.  Sanctions Against Appellants

On August 2, 2006, the bankruptcy court entered an "Order Striking Pleadings." In that order, the bankruptcy court struck all of Loeb's pleadings in adversary proceeding 06-4001 and ordered Loeb and Davis to pay Hartz its costs and fees associated with its motion to strike pleadings because Davis had not yet been admitted to practice before the Eastern District of Michigan, despite being warned of this deficiency in May 2006. Furthermore, although the bankruptcy court held a hearing to give Davis notice and an opportunity to be heard, *see* Local Bankruptcy Rule 9011-3, and rescheduled that hearing upon Davis's request to a date on which Davis was purportedly available, Davis failed to appear. Under these circumstances, the court finds that the bankruptcy court did not abuse its discretion when it struck Loeb's pleadings and awarded Hartz its costs and fees incurred in bringing its motion.

Davis filed a motion for reconsideration of the bankruptcy court's "Order Striking Pleadings" on November 21, 2006. In that motion, Appellants asked the bankruptcy court to reconsider its order because Davis's delay in being admitted was not the result of bad faith and did not result in prejudice. Further, Davis objected to the award of monetary sanctions against him personally because he represented Loeb "on a pro bono basis," and monetary sanctions "would seriously chill future pro bono representation." (11/21/06 Mot. to Reconsider at 4-5.) The bankruptcy court denied the motion for reconsideration because it was untimely. The bankruptcy court entered its "Order Striking Pleadings" on August 2, 2006. Instead of filing their motion for reconsideration within 10 days of the bankruptcy court's order, Appellants waited until 15 days after this case was remanded–almost 4 months after the bankruptcy court's order. The motion for reconsideration was clearly untimely, and the bankruptcy court did not err in denying the motion on that basis.

### 2.  Sanctions Against Hartz

On January 10, 2007, the bankruptcy court denied Loeb's "Motion for Rule 9011 Violation and Sanctions." Loeb's motion was denied "[f]or the reasons stated on the record." (Bankr. Ct. Rule 11 Order at 1.) Because Loeb has failed to include a transcript of the January 9, 2007 hearing, the court is unable to determine whether the bankruptcy court abused its discretion in denying Loeb's motion for sanctions. Loeb's appeal would be denied on that basis alone.

Additionally, in bringing its motion for sanctions, Loeb failed to comply with Federal Rule of Civil Procedure 11's safe harbor provision, which in itself would be a basis for denying the motion. Moreover, because Hartz properly attached a proposed

9

order for an entry of default with a signature line for the clerk of the court, and not the bankruptcy court itself, it appears that there is no basis for sanctions under either Federal Rule of Civil Procedure 11 or Federal Rule of Bankruptcy Procedure 9011. There is nothing in the record that suggests it was Hartz who requested the bankruptcy court to both sign the order and close the case. Accordingly, Loeb has not provided the court with any basis on which to conclude that the bankruptcy court abused its discretion in denying Loeb's motion for sanctions.

## IV.  CONCLUSION

IT IS ORDERED that Hartz's "Motion to Dismiss 'Appeal of Decisions from United States Bankruptcy Court'" [Dkt. #7] is GRANTED IN PART AND DENIED IN PART.  Specifically, it is GRANTED as to Loeb's appeal of the bankruptcy court's "Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgement" and it is DENIED in all other respects.

IT IS FURTHER ORDERED that the bankruptcy court's "Order Striking Pleadings," "Order Denying Motion to Reconsider and Vacate Sanctions Entered Personally Against Pro Bono Counsel," and "Order Denying Defendant's Motion for Sanctions" are AFFIRMED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2007, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522